COMMONWEALTH OF MASSACHUSETTS    DISTRICT COURT

UNITED STATES DISTRICT COURT    CIVL ACTION NO.: 04 CV 10632 MEL

| | |
|---|---|
| MARY B. SMITH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | **AMENDED ANSWER OF THE** |
| ) | **DEFENDANT, DAVID C. NICHOLSON,** |
| DAVID C. NICHOLSON, TRUSTEE ) | **TRUSTEE OF THE D.J.J. REALTY** |
| OF THE D.J.J. REALTY TRUST, ) | **TRUST, TO THE PLAINTIFF'S** |
| DOMINIC M. SAWICKI, ) | **COMPLAINT WITH CROSS-CLAIMS** |
| TRUSTEE OF THE DOMINIC M. ) | |
| SAWICKI NOMINEE TRUST, ) | |
| AND CAROL ANN WHITNEY ) | |
| AND GLENN WHITNEY, ) | |
| ) | |
| Defendants ) | |

Now comes the defendant, David C. Nicholson, Trustee of the D.J.J. Realty Trust, and in response to plaintiff's complaint by the counts and paragraphs numbered herein, says:

1. Paragraph 1 of the plaintiff's complaint does not appear to require a response, but the defendant denies he was negligent and denies the plaintiff was injured as a result of any acts or omissions of the defendant.
2. The defendant denies these allegations.
3. The defendant is without sufficient knowledge to admit or deny this allegation.
4. The defendant only admits that he is a resident of Harwich, MA.

## COUNT I

5. The defendant denies these allegations.
6. The defendant denies these allegations.
7. The defendants deny these allegations.
8. Paragraph 8 of the plaintiff's complaint does not appear to require a response, but the defendant denies the plaintiff is entitled to damages.

WHEREFORE, the defendant demands Count I of plaintiff's complaint be dismissed with costs and with prejudice.

## COUNT II

9. The defendant repeats and reavers his responses to paragraphs 5 through 7 the same as if fully written herein.
10. The defendant denies these allegations.
11. Paragraph 11 of the plaintiff's complaint does not appear to require a response, but the defendant denies the plaintiff is entitled to damages.

WHEREFORE, the defendant demands Count II of plaintiff's complaint be dismissed with costs and with prejudice.

## COUNT III

12. The defendant repeats and reavers his responses to paragraphs 5 through 7 the same as if fully written herein.
13. The defendant denies these allegations.

WHEREFORE, the defendant demands Count III of plaintiff's complaint be dismissed with costs and with prejudice.

And further answering in the affirmative, the defendant, David Nicholson, Trustee of D.J.J Realty, says:

1. The plaintiff's complaint fails to state a cause of action for which relief may be granted.
2. That if, in fact, the defendant was negligent, which he denies, the negligence of the plaintiff was of a greater degree than that of the defendant, whereby the plaintiff is barred from recovery.

3. That if, in fact, the defendant was negligent, which the defendant expressly denies, the plaintiff was also negligent and any recovery or verdict for the plaintiff must be reduced by a percentage equal to the comparative negligence of the plaintiff.

4. That if, in fact, the plaintiff was injured through the negligence of some third person, such negligence was on the part of one for whose conduct the defendant was not responsible.

5. The service of process has not been properly effected on the defendant.

6. The plaintiff has failed to commence this action in the appropriate jurisdiction.

7. The plaintiff has failed to commence this action in the appropriate venue.

8. If a defect existed upon the defendant's premises, which the defendant expressly denies, said defect was of an open and obvious nature.

## CROSSCLAIMS

### Claim for Indemnification and Contribution
### David Nicholson, Trustee of D.J.J. v. Dominic M. Sawicki Nominee Trust

1. The defendant/crossclaimant is David Nicholson, Trustee of D.J.J. Realty Trust who resides in Harwich, Massachusetts.

2. The defendant-in-crossclaim is Dominic M. Sawicki Nominee Trust who resides in Belmont, Massachusetts.

3. The plaintiff has commenced an action wherein he alleges to have suffered injuries as a result of the negligence of the defendants.

4. If the plaintiff was injured, which David Nicholson, Trustee of D.J.J. Realty Trust denies, said injuries were the direct and proximate result of the negligence of Dominic M. Sawicki Nominee Trust.

WHEREFORE, David Nicholson, Trustee of D.J.J. Realty Trust demands judgment of Dominic M. Sawicki Nominee Trust for contribution of his pro-rata share of the common liability, if any, or alternatively, for indemnification.

## Claim for Indemnification and Contribution
## David Nicholson, Trustee of D.J.J. Realty Trust v. Carol Ann Whitney and Glenn Whitney

5. The defendant/crossclaimant is David Nicholson, Trustee of D.J.J. Realty Trust, who resides in Harwich, Massachusetts.

6. The defendants-in-crossclaim are Carol Ann Whitney and Glenn Whitney who reside in Harwich, Massachusetts.

7. The plaintiff has commenced an action wherein he alleges to have suffered injuries as a result of the negligence of the defendants.

8. If the plaintiff was injured, which David Nicholson, Trustee of D.J.J. Realty Trust, denies, said injuries were the direct and proximate result of the negligence of Carol Ann Whitney and Glenn Whitney.

WHEREFORE, David Nicholson, Trustee of D.J.J. Realty Trust, demands judgment of Carol Ann Whitney and Glenn Whitney for contribution of his pro-rata share of the common liability, if any, or alternatively, for indemnification.

THE DEFENDANT/CROSSCLAIMANT, DAVID NICHOLSON, TRUSTEE OF D.J.J. REALTY TRUST, DEMANDS A TRIAL BY JURY AS TO ALL TRIABLE ISSUES.

_____
Stephen M.A. Woodworth, BBO 534 330
John F. Gleavy, BBO 626 888
Attorney for Defendant, David C. Nicholson
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

## AFFIDAVIT OF SERVICE

I, John F. Gleavy, do hereby certify that on this 17th day of May, 2004, I gave notice of the foregoing Amended Answer of the Defendant, David C. Nicholson, Trustee of the D.J.J. Realty Trust, to the Plaintiff's Complaint with Cross-Claim, to the plaintiff, by mailing copies thereof, postage prepaid to: Alfred J. Smith, Esq., 706 Beford Street, Stamford, CT 06901.

_____
John F. Gleavy