UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY B. SMITH  CIVIL ACTION NO.
  PLAINTIFF  04CV10632MEL

v.

DAVID C. NICHOLSON, ET AL  JUNE 25, 2004

FILED
IN CLERK'S OFFICE
2004 JUN 28 P 2:20
U.S. DISTRICT COURT
DISTRICT OF MASS

**FORM 26(f) & 16.1(B)
REPORT OF PARTIES PLANNING MEETING
AND JOINT SCHEDULING CONFERENCE STATEMENT**

Date Complaint Filed:  April 1, 2004

Date Complaint Served:  April 5, 2004, Defendants Nicholson and Whitney,
  April 15, 2004, Defendant Sawicki

Date of Defendants' Appearances:  Entered April 27, 2004 for Defendants'
  Nicholson and Whitney, and May 18, 2004 for Defendant
  Sawicki

Pursuant to Rule 16(b), 26(f) Fed. R. Civ. P., and Local Rule 16.1, faxes were sent on June 18, 2004 and June 22, 2004 and phone conversations took place on June 23 and 25, 2004 with some of the Defendants' counsel. Counsel are:

Alfred J. Smith, Jr., Esq., for the Plaintiff, Mary B. Smith

John F. Gleavy, Esq., for the Defendant, David C. Nicholson

Bruce R. Fox, Esq., for the Defendants, Carol Ann and Glenn Whitney

Robert A. Curley, Jr., Esq., for the Defendant, Dominic M. Sawicki

I.  **Certification.** The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims

and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their client(s).

**II  Jurisdiction**

A.  *Subject Matter Jurisdiction*

Jurisdiction of this Court is alleged to exist pursuant to 28 United States Code, Section 1332, based on the claimed Diversity of Citizenship. The amount in controversy is alleged to exceed $800,000. The Defendants (Whitneys) reserve the right to challenge the allegation that Plaintiff's damages exceed $800,000 and request transfer of this action to the appropriate Superior Court of the Commonwealth of Massachusetts in the event the Plaintiff's damages do not reasonably appear to exceed the diversity jurisdictional minimum.

B.  *Personal Jurisdiction*

The Plaintiff alleges she is a citizen and resident of the State of Connecticut. The Defendants, Nicholson, Sawicki, and the Whitneys are residents and citizens of the Commonwealth of Massachusetts.

**II.    Brief Description of Case.**

A.  *Claims of Plaintiff:*

The Plaintiff alleges she was walking, on April 6, 2002, on a private road, Old

Lantern Lane, part of subdivision plan of land in Harwich, MA, owned and maintained by the Defendants. Due to the negligence of the Defendants in maintaining the road, the Plaintiff, an invitee, fell, fracturing and displacing her femur. She underwent surgery to repair her leg, having a metal plate inserted, and was hospitalized or confined to a rehabilitation facility for over two months.

Due to the negligence of the Defendants, and the injury she suffered, the Plaintiff has sustained medical bills in excess of $50,000; is disabled; has suffered loss of mobility; has, and will continue to experience pain and suffering; is unable to care for herself as before her fall and injury; and, has to rely on others for her care. In addition, Plaintiff's injuries have affected, and will continue to affect, her overall health.

B.  *Defenses and Claims of Defendants;*

The Defendants have pled, among other Affirmative Defenses, that:

1.  Plaintiff's injuries were caused by Plaintiff's own negligence;

2.  Plaintiff's injuries were caused by others for whose conduct the various Defendants are not responsible;

3.  That Plaintiff's was comparatively negligent, such negligence being greater than the Defendants, barring Plaintiff's recovery.

4.  That the Plaintiff was a trespasser at the time of her injuries;

5.  That Plaintiff's recovery is barred because she failed to mitigate her

damages;

6. In addition, the Defendants have challenged Plaintiff's Complaint on process, jurisdiction, and venue issues, and as unconstitutional under the Massachusetts Declaration of Rights and the United States Constitution.

The Defendants have named other Defendants as possibly responsible for the negligent and unsafe condition of Old Lantern Lane, and, or, have filed Crossclaims for Indemnification and Contribution.

Further, Defendants, the Whitneys, contend that there is an issue as to the exact area where the Plaintiff fell, and whether said area is in fact owned by, or otherwise under the control of these Defendants. Further the road Plaintiff was allegedly on at the time of the fall was a private way owned by or under the control of the co-defendants, who actually own a house on said way and named said way.

Further, Defendants, the Whitneys, contend that the condition of the area where the Plaintiff alleges that she fell -to wit: loose rocks and impediments – was not a defect, but was a natural condition of the way – a dirt road – and otherwise was open and obvious to a reasonable person in due regard for his or her own safety.

### IV.    Statement of Undisputed Facts:

Plaintiff suffered injuries on Old Lantern Lane on April 6, 2002. Plaintiff was transported from Old Lantern Lane to Cape Cod Hospital by Harwich (MA) Fire

Department Ambulance.

**V.     Case Management Plan/Proposed Pretrial Schedule:**

A.   *Standing Order on Scheduling in Civil Cases:*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

B.   *Scheduling Conference with the Court:*

Counsel note that the Court has scheduled a Scheduling Conference for June 30, 2004 and request that this filing be considered the Joint Statement submitted to the Court for that Conference.

C.   *Early Settlement Conference:*

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.   The parties request an early settlement conference, after the deposition of the Plaintiff is complete.

3.   The parties prefer a conference with a Magistrate Judge.

4.   The parties request a referral for alternative dispute resolution after the deposition of the Plaintiff is complete.

D.  *Joinder of Parties and Amendment of Pleadings:*

1. Plaintiff reserves the right to file motions to join additional parties and to file motions to amend pleadings prior to August 1, 2004.

2. Defendants should be allowed until September 1, 2004 to file motions to join additional parties, or amend their Answers.

E.  *Discovery:*

1. The parties anticipate that discovery will be needed on the following subjects:

   a. The allegations set forth in Plaintiff's Complaint that she suffered injuries, on the Defendants' premises, due to the negligence of the Defendants.

   b. That Plaintiff's injuries were the foreseeable result of Defendants' negligent maintenance to the subject premises.

   c. That Plaintiff suffered losses on account of her injuries.

   d. That Plaintiff's injuries and losses were, or were not, as the result of her negligence.

   e. That Defendants' Crossclaims against one another are appropriate.

   f. The exact area where the Plaintiff allegedly fell on April 6, 2002.

   g. Ownership and control of the area where the Plaintiff allegedly fell.

   h. The nature of the condition that allegedly caused the Plaintiff to fall.

   i. The nature and extent of Plaintiff's injuries and medical treatment (e.g. surgery) causally related to the April 6, 2002 incident and/or the plaintiff's

prior and subsequent falls.

    j.    The type and amount of the plaintiff's medical expenses (past and future) and diminution of earning capacity (past and future – if any) causally related to the April 6, 2002 incident.

    k.    The Plaintiff's medical history pre-accident and post-accident.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b)(4), will be commenced on or after July 1, 2004 and completed by February 1, 2005.

3.    Discovery will not be conducted in phases.

4.    Discovery will be completed by February 1, 2005.

5.    The parties anticipate that the Plaintiff will require a total of 5+/- depositions of fact witnesses and that the Defendants will require a total of 10 +/- depositions of fact witnesses, exclusive of record keepers. The depositions will commence on or after August 1, 2004 and will be completed by February 1, 2005.

6.    The parties do not anticipate the need to request permission to serve more than twenty-five (25) interrogatories. However, the Plaintiff expects to serve up to twenty-five interrogatories on each of the Defendants.

7.  None of the parties know, at this time, if they will call expert witnesses at trial. Plaintiff will provide opposing counsel with reports from any such trial experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 15, 2004. Deposition of Plaintiff's experts will be completed by December 1, 2004. Defendants will provide opposing counsel with reports from any such trial experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 15, 2004. Deposition of Defendants' experts will be completed by February 1, 2005.

8.  A damages analysis will be provided by any party who has a Claim, Crossclaim or Claim for Indemnification by January 1, 2005.

F.  *Dispositive Motions:*

Dispositive Motions will be filed on or before March 15, 2005.

G.  *Joint Trial Memorandum:*

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed by May 15, 2005.

**VI.   Trial Readiness.**

The case will be ready for trial by June 15, 2005.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote a just, speedy and inexpensive determination of this action.

DATED 6/25/04

PLAINTIFF,
MARY B. SMITH:

By _____
Alfred J. Smith, Jr., Esq. (BBO467700)
706 Bedford Street
Stamford, CT 06901
Tel: (203) 359-3200
Fax: (203) 348-8092
Email: ajslaw706@aol.com

DATED _____

DEFENDANT,
DAVID C. NICHOLSON,

By _____
John F. Gleavy, Esq. (BBO626888)
Lynch & Lynch
45 Bristol Road
South Easton, MA 02375
Tel: (508) 230-2500
Fax: (508) 230-2510
Email: _____

DATED 6/25/04

DEFENDANT,
DOMINIC A. SAWICKI,

By /s/ Robert A. Curley Jr.
Robert A. Curley, Jr., Esq. (BBO 109180)
CURLEY & CURLEY P.C.
27 School Street
Boston, MA 02108
Tel: (617) 523-2990
Fax: (617) 523-7602
Email: rac@curleylaw.com

DATED 6/25/04

DEFENDANTS,
CAROL ANN and GLENN WHITNEY

By /s/ Bruce R. Fox
BRUCE R. FOX, ESQ. (BBO176320)
27B Midstate Office Park
Auburn, MA 01501
Tel: (866) 290-7435
Fax: (508) 832-5716
Email: foxb@msagroup.com