UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARY B. SMITH** | **CIVIL ACTION NO.** |
| **Plaintiff** | **04CV10632MEL** |
| v. | |
| **DAVID C. NICHOLSON et al** | **January 10, 2006** |
| **Defendants** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL AND ORDER DISCOVERY

**PRELIMINARY STATEMENT**

The Plaintiff, Mary B. Smith, respectfully files this Memorandum of Law in Support of Plaintiff's Motion to Compel and Order Discovery. As detailed below, Defendant should be compelled to produce certain audio tapes of witnesses and the Court should order that the deposition of Charles F. Salyards be taken.

**SUMMARY OF ARGUMENT**

The Defendant Nicholson produced a report of Mr. Salyards, and used that report, or allowed it to be used, as an exhibit in a number of depositions of witnesses. These actions by the Defendants have waived any attorney/client or work product privilege to this report and the underlying audio tapes which formed the basis for this report.

## ARGUMENT

While the *Federal Rules of Civil Procedure, 26(b)(3)* applies to facts obtained by an attorney during the course of the attorney's preparation to represent a client in anticipation of litigation, these audio tapes are not opinion work product revealing the attorney's mental impression under the work product doctrine. Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600 (1992)

In general, documents of a client in the hands of an attorney are privileged from production...... any data and material obtained or prepared by the adverse party, his counsel, or some other person on his behalf, in anticipation of litigation or in preparation for trial *unless* the privilege from production or inspection by third persons is waived. Roach v. City of Albany, 122 NYS, $2^d$ 437. It is the Plaintiff's position that the production of Salyards' report by the Defendant, and its use as an exhibit in numerous witness depositions, waived any attorney client and/or work product privilege, and that this waiver also applies to the underlying audio tapes which recorded these witnesses' statements and form the basis of Salyards' report, of August 12, 2002, made long before this litigation was commenced. Courts have routinely held that recordings such as tape recordings in the possession or control of an adverse party may be subject to discovery. Chase v. Patra Transmission Co., 61 Misc. $2^d$ 200.

In fact, in many jurisdictions, insurance adjusters investigative reports are considered prepared in the ordinary course of business and are therefore discoverable. Weitzman v. Blazing Pedals, Inc. 151 F. R. D. 125. Also see, The work product doctrine which protects certain material from discovery applies if material is prepared in anticipation of litigation rather than in the normal course of business. Manna v. U.S. Dept. of Justice, 815 F Supp. 798.

An adverse party is not normally required to turn over witness statements (or supporting material), although under some circumstances a party may be required to do so, <u>Prizio v. Penachio,</u> 115 A. $2^d$ 340; as where the denial of the production of such documents would unfairly prejudice or cause undue hardship to the party seeking such production, <u>Edwardes v. Southampton Hospital Ass'n,</u> 53 Misc. $2^d$ 187. On the other hand, it has been held that statements of witnesses, even though obtained by the attorney in anticipation of litigation or preparation for trial, (a harsher test than the instant case) are not the work product of the attorney, <u>Greyhound Corp. v. Superior Court In and For Merced County,</u> 364 P. $2^d$ 266, and must be produced for inspection and copying on a showing of good cause, <u>Fireman's Fund Ins. Co. v. McAlpine,</u> 391 A. $2^d$ 84, if good cause is shown that the statements are sought for the purpose of impeaching or determining the credibility of the witnesses, <u>Zimmerman v. Superior Court In and For Maricopa County,</u> 402 P. $2^d$ 212. In the instant case, one of the central issues is on whose property did the Plaintiff fall and sustain her injuries. Defendant Nicholson, in his sworn deposition, stated that his daughter, Joanne Nicholson, met with Mr. Salyards, an insurance investigator/adjuster for his insurance carrier, because she had the most information (such as seeing first-hand where the Plaintiff was laying on Olde Lantern Lane after her fall) about the witnesses and the location of the Plaintiff's fall. The report of Ms. Nicholson's interview by Mr. Salyards states that the Plaintiff fell on the Nicholson property. In her sworn deposition, Ms. Nicholson denies making that statement.

There is long standing precedent that the Court has sound discretion to determine whether the denial of a motion such as that requested by the Plaintiff will result in injustice or undue hardship.

**CONCLUSION**

WHEREFORE, since there is an audio tape of her interview and those of other witnesses, and since this point may be central to resolving this litigation, perhaps even at this point, prior to trial, in the interest of determining the credibility of the witnesses, and or impeaching their sworn deposition testimony, and since the Plaintiff further argues that the Defendant has waived its attorney/client and/or work product privileges for the Salyards' report, the Plaintiff respectfully requests that the Court grant her Motion to Compel and Order Discovery and order the production of the audio tapes and the deposition of Charles F. Salyards.

THE PLAINTIFF,
MARY B. SMITH

By: *(signature)*
Alfred J. Smith, Jr., Esq.
BBO 467700
706 Bedford Street
Stamford, CT 06901
Tel: (203) 359-3200
Fax: (203) 348-8092
Email: ajslaw706@aol.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was served on the following persons, via U.S. Mail:

Kim Roussos, Esq.
Curley & Curley
27 School Street
Boston, MA 02108

Bruce R. Fox, Esq.
27B Midstate Office Park
Auburn, MA 01501

John F. Gleavy, Esq.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

_____
Alfred J. Smith, Jr., Esq.