| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | DISTRICT COURT |
| UNITED STATES DISTRICT COURT | CIVL ACTION NO.: 04 CV 10632 MEL |

MARY B. SMITH,                )
                              )
Plaintiff                     )
                              )
vs.                           )
                              )
DAVID C. NICHOLSON, TRUSTEE   )
OF THE D.J.J. REALTY TRUST,   )
DOMINIC M. SAWICKI,           )
TRUSTEE OF THE DOMINIC M.     )
SAWICKI NOMINEE TRUST,        )
AND CAROL ANN WHITNEY         )
AND GLENN WHITNEY,            )
                              )
Defendants                    )

**MEMORANDUM IN SUPPORT OF DEFENDANT, D.J.J. REALTY TRUST, OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND ORDER DISCOVERY**

The plaintiff Mary Smith is alleging personal injuries as a result of a fall which occurred on April 6, 2002. The fall occurred as the plaintiff was walking on Olde Lantern Lane. It is alleged the roadway was owned and/or controlled by the defendants.

The plaintiff had attended the funeral of David Nicholson's wife. She was proceeding to the property where Mr. Nicholson and his family resides when the alleged incident occurred. Multiple witnesses were present when the fall occurred and have testified regarding where the call occurred on Olde Lantern Lane.

The plaintiff seeks to compel recorded statements taken from two witnesses to the alleged incident. The statements were taken from nonparty witnesses, Joanne Nicholson, who is the daughter of David Nicholson and JoAnn Dayton, who at the time of the incident and presently continues to reside with David Smith. David Smith is the son of the plaintiff and brother of plaintiff's counsel.

Work product protects written statements of witnesses obtained in anticipation of litigation. Com. of Puerto Rico v. SS Zoe Colocotroni, 61 F.R.D. 653, 658 (D.Puerto Rico 1974)

In determining whether an inadvertent disclosure waives the work-product protection, the court is to consider: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice. Amgen Inc. v. Hoechst Marion Roussel, Inc. 190 F.R.D. 287 (D.Mass. 2000).

In this matter the documents inadvertently produced were attached to photographs of the locus that the defendant intended to and did produce. Rather than remove the report from the photographs, attached as instructed by counsel, his secretary inadvertently sent the report and photos. (The burden of establishing the work product privilege has not been waived is met where adequate measure were taken to ensure confidentiality. Id. at 291.)

The scope of the production was limited to the report of the investigator summarizing his interview of the witnesses.  The production occurred inadvertently as counsel for the defendant had requested by way of a note attached to the documents that his secretary only produce photographs and not the actual report of the investigator be produced.

The plaintiff contends that the recorded statements should be produced because the testimony of Joanne Nicholson regarding the locus of the accident conflicts with the report of investigator. Ms. Nicholson offered testimony at deposition as to where the accident occurred.   Her testimony is substantially similar to the numerous other witnesses who testified on this subject.   As such, there is no real contention as to where the accident occurred.  The witnesses agree that it occurred just over a crest in the road and approximately halfway down Olde Lantern Lane.

The plaintiff testified the fall occurred where the "O" is located in Exhibit 1.  See Plaintiff's Deposition, page 48, attached as Exhibit A.   Independent non-party witnesses the incident testified as follows.  Leanne Deering, who observed the plaintiff after the fall, testified to the same location and in his diagram, an "X" marks the location of the incident.  See Deposition of Leanne Deering, page 19, attached as Exhibit B.   Terrance Dinnan testified the plaintiff fell on the upper portion of the hill.  See Deposition of Terrance Dinnan, page 12, attached as Exhibit C. Dawn Dinnan identified where the plaintiff fell using a subdivision plan. See Deposition of Dawn Dinnan, page 12-13, attached as Exhibit D. (The subdivision plan identifies three lots bordering Olde Lantern Lane.   The lots are numbered 16, 17, and 18.  The defendant, D.J.J. Realty Trust owns lot 17 and the two co-defendants own lots 16 and 18.)

All of these witnesses placed the plaintiff in approximately the same location of Olde Lantern Lane as the witness Joanne Nicholson did at her deposition. See Deposition of Joanne Nicholson, page 56, attached as Exhibit E.

The defendant contends that in the interest of fairness, the statements not be produced. First, the statement was taken very shortly after the death of the witness Joanne Nicholson's mother. Ms. Nicholson testified that she was upset during this time period not only because of her mother's death but also because she was being contacted repeatedly by David Smith, the son of the plaintiff, regarding payment of the plaintiff's medical bills. Id. pages 36-38

Also, the plaintiff had the opportunity to take a statement from Ms. Nicholson and Ms. Dayton, who lives with David Smith, and failed to do so. To now rely upon the work product of the defendant is unfair. As such, this is not a case where a contemporaneous statements was taken that cannot be reproduced. See Connelly v. Dun & Bradstreet, Inc., 96 F.R.D. 339, 3343 (D.Mass. 1982)

The plaintiff relies upon the fact that the report, inadvertently produced by defense counsel, was repeatedly introduced at the depositions as an exhibit. However, it was plaintiff's counsel only, who now seeks production, who introduced the report as an exhibit at depositions. .

The seminal case defining "work product" doctrine is Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).  Even though this decision pre-dated the incorporation of the work product immunity into Rule 26(b) of the Federal Rules of Civil Procedure, it describes the policy underlying the rule.  In Hickman, statements from witnesses to the accident obtained in preparation of litigation were at issue. Id. at 498.   It was held that the materials were work product and therefore not discoverable absent a showing of substantial need.  The Supreme Court stated that the policy underlying the work product immunity is protection of the integrity of the adversary process.

Wherefore, the defendant, D.J.J. Realty Trust, requests this court deny the plaintiff's motion to compel.

/s/ John F. Gleavy_____
Stephen M.A. Woodworth, BBO 534 330
John F. Gleavy, BBO 636 888
Attorney for Defendant
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500