**E N D O R S E M E N T**

MARY B. SMITH v. DAVID C. NICHOLSON, DOMINIC M. SAWICKI, and CAROL ANN WHITNEY
04-CV-10632-MEL

LASKER, D.J.

    Plaintiff Mary B. Smith ("Smith") moves the Court to compel defendant David C. Nicholson ("Nicholson") to produce audio tapes of witness statements taken by insurance investigator Charles F. Salyards ("Salyards") in preparing a written report, and further moves the Court to order that Salyards' deposition be taken.

    In support of her motion, Smith asserts that defense counsel produced and used the Salyards report as an exhibit at a number of witness depositions. Consequently, Smith contends, any work product or attorney/client privilege has been waived with regard to both the report and the underlying audio tapes upon which it was based. A central issue in this case is the location where Smith fell and sustained her injuries. Smith submits that discrepancies on that very issue between the Salyards report and the sworn testimony of witnesses whose statements formed the basis for the report merit granting the motion to compel.

    Defendant Nicholson opposes the motion to compel on the grounds that the materials sought are protected work product and the disclosure was partial and inadvertent.

    Without making a determination as to whether the audio tapes are protected work product, I find that it is essential that the facts of this case be clearly ascertained. This outcome can be accomplished without compelling production of the audio tapes. Accordingly, the plaintiff is permitted to take any deposition, including those of Joanne Nicholson, Joanne Dayton, and Salyards himself, in order to clarify who was the owner of the property on which she fell.

    In sum, the plaintiff's motion to compel is DENIED as to production of the audio tapes and GRANTED as to the taking of Salyards' deposition.

    It is so ordered.

Dated:    March 22, 2006
           Boston, Massachusetts     /s/ Morris E. Lasker
                                                  U.S.D.J.