UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY B. SMITH,<br>　　Plaintiff<br><br>vs.<br><br>DAVID C. NICHOLSON, TRUSTEE<br>OF THE D.J.J. REALTY TRUST,<br>DOMINIC M. SAWICKI,<br>TRUSTEE OF THE DOMINIC M.<br>SAWICKI NOMINEE TRUST,<br>AND CAROL ANN WHITNEY<br>AND GLENN WHITNEY,<br>　　Defendants | )<br>)<br>)<br>)<br>)　CIVIL ACTION NO.: 04 CV 10632 MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS, DAVID C. NICHOLSON, TRUSTEE OF THE D.J.J. REALTY TRUST, DOMINIC M. SAWICKI, TRUSTEE OF THE DOMINIC M. SAWICKI NOMINEE TRUST, CAROL ANN WHITNEY AND <u>GLENN WHITNEY'S JOINT MOTION FOR SUMMARY JUDGMENT</u>**

Now come the defendants, DAVID C. NICHOLSON, TRUSTEE OF THE D.J.J. REALTY

TRUST, DOMINIC M. SAWICKI, TRUSTEE OF THE DOMINIC M. SAWICKI NOMINEE

TRUST, CAROL ANN WHITNEY AND GLENN WHITNEY, (hereinafter "Defendants"), and

submit the following Memorandum in support of their Joint Motion for Summary Judgment

pursuant to F.R.C.P. Rule 56. For the convenience of this honorable Court, the Defendants

submit the attached Exhibit List, identifying the Exhibits and Pleadings the Defendants rely upon

in support of their Joint Motion for Summary Judgment.

STATEMENT OF UNDISPUTED FACTS:

The Defendants submit and rely upon the attached Statement of Undisputed Facts in support of their Joint Motion for Summary Judgment. For the convenience of the Court, the Defendants summarize the relevant undisputed facts as follows:

On April 6, 2002, the plaintiff, Mary Smith (hereinafter "Plaintiff") has alleged that she slipped and fell when she stepped on a rock or stone on a dirt road in Harwich, Cape Cod, Massachusetts. The road, Olde Lantern Lane, is a dirt road, a private way that ends in a cul-de-sac. The Defendants each owned the abutting lots on Olde Lantern Lane. The defendants Whitneys owned lot 18, which is northeast of the area where the Plaintiff fell, the defendant Sawicki owned lot 16, which is west of the area, and defendant Nicholson owned lot 17, which surrounds the cul-de-sac to the north of the area where the Plaintiff fell.

The accident happened around 2:00 pm on a bright, sunny day. The Plaintiff was walking next to her son's girlfriend, Joanne Dayton, and was holding the hand of Joanne Dayton's 3-year-old daughter, Riley, as she walked down the dirt road. She then felt her foot on a rock and she fell. The Plaintiff testified that it looked like someone had filled in some washed-out areas along the road with large rocks and that nothing prevented her from seeing these rocks before she fell.

**The Plaintiff did not fall in any of the washed out areas and stated that it was the rock on the dirt road that she stepped on that caused her fall**. No witness has provided any other description or explanation as to the cause of the Plaintiff's fall. The Plaintiff testified that as she walked down the dirt road she was looking at down at her feet, carefully walking over the dirt road at the time just preceding her fall.

The Plaintiff did not actually see the stone that she testified caused her fall, she just felt it. **The Plaintiff testified that she does not know who caused the rock on which she fell to be on the dirt road**. No witness deposed has come forth with any information regarding the cause of the stone being on the dirt road, the identity or the person responsible for the stone being on the dirt road, or the length of time this stone had been on the dirt road prior to the Plaintiff's fall.

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing the motion "must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). A "genuine" issue us one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant would permit a rational factfinder to resolve the issue in favor of either party. *Medina-Munoz*, 896 F.2d at 8. A "material" fact is one that has the "potential to affect the outcome of the suit under applicable law." S*anchez v. Alvarado*, 101 F.3d 223 (1st Cir. 1996) (internal citations and quotations omitted).

3

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See *Celotex Corp. v. Catrett*, 447 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require a trial. See *Id.* at 324, 106 S.Ct. at 2553. In evaluating motions for summary judgment, however, the court will not consider "conclusory allegations, improbable inferences, and unsupported speculation." *Galloza v. Foy*, 389 F.3d 26, 28 (1st Cir. 2004) (internal citations omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Medina-Munoz*, 896 F.2d at 8.

Summary Judgment is provided for in the Federal Rules of Civil Procedure, Rule 56, which provides as follows:

> **Rule 56. Summary Judgment**
> **(b) For Defending Party.**
> A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
> **(c) Motion and Proceedings Thereon.**
> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The Local Rules of the United States District Court for the District of Massachusetts, Rule 56.1, provides as follows:

> **Rule 56.1 – Motions for Summary Judgment**: Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion. Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

The jurisdiction of the District Court in this matter is founded on diversity, 28 U.S.C.A. §1332(a). As such the District Court will apply the law of the forum state, which in this case is Massachusetts. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As the underlying accident occurred in Massachusetts allegedly as a result of a condition of real property within Massachusetts, and where all of the parties involved with the exception of the plaintiff reside in Massachusetts, the application of Massachusetts law is appropriate and mandated.

ARGUMENT

The Defendants submit to this honorable Court that there are no genuine issues as to any material fact, and that applying the laws of Massachusetts to these undisputed facts, the Defendants are entitled to judgment as a matter of law. As grounds therefore, the Defendants submit that the facts of this case are clear: The Plaintiff slipped and fell on a rock or stone on a dirt road in broad daylight with no impediment or obstruction to her view of the dirt road surface and the rock or stone, while she was being escorted down the dirt road by and adult and a child. For the purposes of this Motion for Summary Judgment only the Defendants do not challenge the assertions by the Plaintiff that 1) the Plaintiff was lawfully on the property where the incident occurred, 2) the Defendants owned or controlled the area where the Plaintiff fell, 3) that the Plaintiff stepped on a rock or stone and fell while walking down the dirt road, and 4) the dirt road had "washed out" areas that someone had attempted to fill with stones or gravel at some point prior to the Plaintiff's fall.

1. **THE DEFENDANTS ARE NOT LIABLE TO THE PLAINTIFF AS A ROCK ON A DIRT ROAD IS NOT A DEFECT.**

The Defendants submit that the undisputed fact that the Plaintiff stepped on a rock and that is what caused her fall precludes liability on the part of these Defendants as a matter of law. The Plaintiff has admitted in her deposition that it was a rock on the dirt road that caused her fall. The Plaintiff has not and cannot produce any evidence to show that her fall was the result of any cause other than the presence of the rock on the dirt road. The Defendants submit that there is no legal basis for the contention that a rock or a stone is a property defect under Massachusetts law as rocks and stones are natural to the environment and there is absolutely no evidence to suggest that anyone, let alone these Defendants, caused the rock or stone to be on the dirt road where it would not otherwise have been there.

Further, there is nothing "defective" about a rock or stone on a dirt road. A rock or stone on a dirt road is a naturally occurring element akin to a natural accumulation of ice and snow (*Sullivan v. Town of Brookline*, 416 Mass. 825, 626 N.E.2d 870 (1994) - the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all), or a naturally occurring fish bone in fish chowder (*Webster v. Blue Ship Tea Room, Inc*., 347 Mass. 421, 198 N.E.2d 309 (1964) - a fish bone is not a foreign substance that made the fish chowder unwholesome or not fit to be eaten). In *Abrahams v. Zisman*, 293 Mass. 375,199 N.E. 2d 725,726,(1936),the court held that people have no right to expect that land in private ownership will be in the same condition as a public sidewalk. In *Greenfield v. Freedman*, 328 Mass. 272 (1954), the court affirmed a judgment as a matter of law in favor of the defendant storeowner who breached no duty to the plaintiff who tripped over a brick edging covered by leaves.  In *Lioni v. Marr*, 320 Mass.17 (1946) there was no liability as a matter of law to a person who tripped on a 3" high curb along a walkway. In *Shulman v. Dinty*

6

*Moore's,Inc.*, 326 F.2d 953 (ist Cir. 1964), the court held that there was no ground for liability where the plaintiff tripped over a protruding step which extended into a sidewalk. See also: *McCormack v. Insured Lloyd's Insurance Co.*, 488 So.2d 491,494 (La. 1986)(no liability for creation of stepping stone path); *Hartung v. Maple Investment and Development*, 243 Ill.App. 3d 811, 612 N.E. 2d 885(1993)(No liability for height differential in walkway.); *Trincere v. County of Suffolk*, 90 N.Y. 2d 976,688 N.E. 2d 489(1997)(No liability for stumble over a paving stone in the daylight.); *Jacobs v. Hill's Food Stores,Inc.*, 88 N.C.App.730, 364 S.E. 2d 692(1988)(No liability for trip over concrete block on store walkway.) There is no legal authority or logical basis to conclude that Massachusetts law views a naturally occurring rock or stone on a dirt road as a defect that would give rise to liability on one the part of the property owner where the Massachusetts courts have denied liability for naturally occurring snow and ice and naturally occurring fish bones in chowder.

To require the Defendants, as owning or controlling real property, to perform maintenance that would ensure the removal of all rocks and stones on a dirt road is not a recognized duty under Massachusetts law. In fact, a duty of this sort would certainly be considered one of the "unreasonable maintenance burdens" the Massachusetts Supreme Judicial Court was referencing in *Mounsey v. Ellard*, 363 Mass. 693, 709, 297 N.E.2d 43, 53 (1973) when it stated that its decision did not make property owners insurers of their property or impose unreasonable maintenance burdens. Under the Plaintiff's theory, all property owners in the Commonwealth of Massachusetts who's property abuts a private way would be required to perform the onerous, if not outright impossible, task of having to remove ALL rocks, stones, sticks, leaves and any other naturally occurring element that may cause a person to fall. As such, the Plaintiff cannot recover

against these Defendants under Massachusetts law because Massachusetts does not recognize a naturally occurring substance, such as a rock on a dirt road, as an actionable property defect.

2. **THE PLAINTIFF CANNOT ESTABLISH LIABILITY ON THE BASIS OF A FOREIGN SUBSTANCE**:

Under Massachusetts law, a party who falls on a defendant's premises may bring a claim for damages against the property owner where the condition or substance that caused the fall was FOREIGN to the area. See *Oliveri v MBTA*, 363 Mass. 165, 166, 292 N.E.2d 863, 864 (1973) (a 2-3 inch long hard, muddy substance on stairs); *Phipps v. Aptucxet Post # 5988 V.F.W. Bldg. Assoc., Inc*., 7 Mass.App.Ct. 928, 929 (1979) (an "unnatural accumulation" of ice); and *Thorell v. ADAP, Inc.*, 58 Mass.App.Ct. 334, 335-340 (2003) (an oily liquid on the floor). There are no Massachusetts cases allowing a plaintiff to recover against a property owner for a slip and fall based on a natural condition, such as a natural accumulation of ice, leaves or rocks.

Even when the substance has been shown to be foreign to the area of the fall, a plaintiff still has to establish facts to support one of three (3) theories recognized in Massachusetts for holding a property owner liable for a slip and fall on a foreign substance, as outlined below. The Defendants submit that the Plaintiff is unable to provide *any* evidence to support any of these three (3) legal theories, and as such the Defendants are entitled to judgment in their favor as a matter of law as the Plaintiff will not be able to carry her burden of proof at trial.

There are only three (3) specific legal theories where Massachusetts courts recognize that liability may be imposed on a property owner for a slip and fall accident, and the Plaintiff is unable to meet her burden of proof for any of the scenarios:

1. That the Defendants **caused** a foreign substance (in this case the rock or stone) to be on the dirt road,

**8**

2. That the Defendants had **actual knowledge** of the presence of the foreign substance (again the rock or stone) on the dirt road, or
3. That the foreign substance (again the rock or stone) had been on the dirt road for such a period of time that the Defendants had a **reasonable opportunity to discover and remedy** the condition.

These are the essential elements of her case that the Plaintiff must prove in order for the plaintiff to recover from the Defendants for injuries she sustained in the fall. See Oliveri v. MBTA, 363 Mass. 165, 167, 292 N.E.2d 863, 864-865 (1973); Thorell v. ADAP, Inc., 58 Mass. App. Ct. 334, 337, 789 N.E.2d 1086, 1089 (2003), citing Deagle v. Great Atl. & Pac. Tea Co., 343 Mass. 263, 264-265, 178 N.E.2d 286 (1961). The Defendants' contend that the Plaintiff has not and cannot show a triable issue of fact in regards to carrying her burden of proof on any of the three legal scenarios identified above.

There is a complete lack of any probative evidence to support the contention that the Defendants either caused the rock or stone to be on the dirt road, that the Defendants had actual knowledge of the presence of the rock or stone on the dirt road at a time prior to the fall, that the rock or stone had been on the dirt road for such a period of time that the Defendants could reasonably have taken steps to prevent the fall from occurring or that any defendant had any reason to suppose that the rock presented an unreasonable, non-obvious danger which had any foreseeable likelihood of causing anyone harm,. The Plaintiff's assertions to the contrary are nothing more than conclusory statements with no supportive evidence, assumptions, sheer speculation or guesswork. The Defendants have established that the Plaintiff is unable to prove an essential element of her case and that the defendants are entitled to judgment as a matter of law.

The Plaintiff testified that she did not see the rock or stone before she fell even though she was carefully watching the surface of the dirt road as she was walking, that she could not say where

the rock or stone came from or how long it had been on the dirt road. She "assumes" that the rock or stone came from the efforts to repair the "washed out" areas along the dirt road, but has not provided any facts to establish the basis for that assumption. As such, her assumption is nothing more than speculation or wishful thinking. Even if the Plaintiff does establish the existence of these washed out areas, she has no facts to show when the areas were repaired, who made the repairs or that the rock she actually stepped on was a rock that was used for the repairs rather than a naturally occurring rock as the Plaintiff has testified under oath that she did not see the rock or stone before she fell and only "felt" it under her foot. No other witness even saw the rock or stone on which the Plaintiff claims she fell and thus no other witness can supply testimony or other evidence to cover the Plaintiff's burden of proof on this point.

Any testimony as to the source of the rock or stone, the length of time the rock or stone had been on the dirt road prior to the plaintiff's fall, or that the rock or stone involved in the Plaintiff's fall came from the repair efforts is nothing more than speculation. In responding to a Motion for Summary Judgment, the Plaintiff must come forth with specific facts to establish that there is an issue of material fact worthy of judicial consideration, and speculation is not sufficient to defeat a proper Motion for Summary Judgment. See *Celotex Corp.*, 106 S. Ct. at 2552.

3.     **THE DEFENDANTS OWED NO DUTY TO THE PLAINTIFF AS THE CONDITION THAT CAUSED HER FALL WAS OPEN AND OBVIOUS**.

Even if the presence of the rock on the dirt road is considered a property defect, and not a foreign substance, the Plaintiff cannot recover from these Defendants. **The law in Massachusetts does not require that a property owner correct a defect on his property.** Under Massachusetts law, it is well established that a property owner owes a common law duty of reasonable care to

**10**

all lawful visitors. *Sullivan v. Brookline*, 416 Mass. 825, 827, 626 N.E.2d 870 (1994), citing *Mounsey v. Ellard*, 363 Mass. 693, 707, 297 N.E.2d 43 (1973). This duty includes an obligation to maintain the premises in reasonably safe condition and to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware. In regards to this duty, the property owner has the **alternative duty** either to make the premises under his control reasonably safe **OR** to warn of any dangers on those premises. *Camerlin v. Marshall*, 411 Mass. 394, 399, 582 N.E.2d 539, 542 (1991). In this case, even if the rock on the dirt road is viewed as a property defect, the Defendants had no duty to remove the rock or otherwise repair the dirt road provided the Plaintiff was adequately warned of the presence of the rock.

The Plaintiff testified in her deposition that not only was the rock was open and obvious to her, but that nothing prevented her from seeing the surface of the dirt road. The Plaintiff in her May 11, 2005 deposition, Exhibit 1, Page 111, stated the following:

> Q. *Then I believe you said that you continued to walk down the asphalt road and you got to an area where it was no longer asphalt, it was patches of rocks and asphalt; is that correct?*
> A. ***That's it exactly***.
> Q. *It was obvious to you when that area came about; is that correct?*
> A. ***Absolutely***.
> Q. *It wasn't concealed, the rocks weren't concealed in any way, they were out in the open?*
> A. ***Right***.

The plaintiff further testified in her deposition that she was well aware of the presence of rocks on the dirt road surface before she began to walk down the road. Under Massachusetts law, "a landowner is not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate. *O'Sullivan v. Shaw*, 431 Mass. 202, 204, 726 N.E.2d 951, 954 (2000), citing *Lyon v. Morphew*,

**11**

424 Mass. 828, 833, 678 N.E.2d 1306 (1997). "Moreover, it is well established in our law of negligence that a landowner's duty to protect lawful visitors against dangerous conditions on his property ordinarily **does not extend to dangers that would be obvious to persons of average intelligence**" (emphasis added). *O'Sullivan,* 431 Mass. at 204, 726 N.E.2d at 954, citing *Lyon v. Morphew*, 424 Mass. 828, 833, 678 N.E.2d 1306 (1997).

Plaintiff testified that it was sunny and bright at the time of her fall, and that nothing prevented her from seeing the road surface on which she was walking. In fact, the Plaintiff had **actual knowledge** of the presence of rocks on the dirt road surface before she began walking down the dirt road, and she still chose to walk down the road, carefully picking her way between the rocks. It is clear that the Defendants had no duty to warn the Plaintiff of the presence of rocks on the dirt road as this condition was open and obvious and the Plaintiff had actual knowledge of this condition before she started to walk down the dirt road. As such there is nothing that these Defendants could have done to alert the Plaintiff to the conditions since the condition – rocks on the dirt road surface – was already known to the Plaintiff and she looking down, picking her way through the rocks. The risk of tripping over obstacles in one's path is open and obvious to persons of average intelligence. *Thomas v. Goldston*, 353 Mass. 747 (1967); *Flanders v.Pailey*, 320 Mass. 744 (1947). See also: *Baldwin v. Pisacreta*, 5 Mass.App.Ct. 810(1977); *Walter v. Banning,* 339 Mass. 777 (1959); *Benjamin v. O'Connell & Lee Mfg. Co.*, 334 Mass. 646,649 (1956); *Mason v. Forbes & Wallace, Inc*. 331 Mass. 750 (1954); *Letiecq v. Denholm and McKay Co.*, 328 Mass. 120 (1947).

The Plaintiff had the option to be driven down the road by Joanne Dayton and dropped off at the Nicholson home. She chose to walk down the dirt road and unfortunately misjudged her ability to walk along a dirt road with washed-out areas and rocks on the surface of the dirt road. As the

**12**

Supreme Judicial Court stated in the *O'Sullivan* case, "[t]hat many people might engage in objectively hazardous conduct **on the basis of a belief that it can be done safely** does not affect our analysis of a defendant's duty of care under this standard if, in light of the obvious risks entailed by the activity, the belief in question, however prevalent it may be, must nonetheless fairly be judged unreasonable, if not foolhardy (emphasis added). *O'Sullivan v. Shaw*, 431 Mass. at 208, 726 N.E. 2d at 957.

The Supreme Judicial Court stated in *Wardell v. George H. Taylor, Co.*, 333 Mass. 302, 305, 130 N.E.2d 586 (1955), a case often cited by the Superior Courts and the Appellate Division in slip and fall decisions[1], t**he mere happening of an accident is not evidence of negligence**. In order to defeat the defendant's motion for summary judgment, the plaintiff must "set forth specific facts showing that there is a genuine issue for trial." *Medina-Munoz v R.J. Reynolds Tobacco Company*, 896 F.2d at 8.

## CONCLUSION

For the reasons stated herein, the Defendants submit that there is no genuine issue of material fact and, as it is undisputed that the Plaintiff cannot show that: 1) the rock on the dirt road that caused her fall was a defect, 2) that the rock that caused her fall was a foreign substance, 3) the Defendants either caused the rock to be on the surface of the dirt road, or 4) the Defendants had actual notice of the rock's presence on the dirt road prior to the Plaintiff's fall, or 5) that the rock had been on the surface of the dirt road for a sufficient length of time that the Defendants should have known of its existence and taken steps to remedy the situation. Further, as there is no

---

[1] See for example, *Balicki v. Stop & Shop Supermarket Co.*, 1998 Mass. App. Div. 77, 1998 WL 201430 (Mass. App. Div. 1998), a copy of which is attached hereto for the convenience of the Court as an Exhibit.

**13**

reasonable likelihood that such evidence will be forthcoming at trial, the Defendants are entitled to judgment as a matter of law.

Wherefore, the Defendants respectfully request that this honorable Court grant their Joint Motion for Summary Judgment against the Plaintiff.

Dated: January 30, 2007

The Defendants
By their attorneys,

**DEFENDANTS, CAROL ANN AND GLENN WHITNEY**

*/s/ Bruce R. Fox*
_____
Bruce R. Fox, Esquire
BBO#: 176320
LAW OFFICES OF BRUCE R. FOX
27B Midstate Office Park
Auburn, MA 01501
(866) 290-7435

**DEFENDANT, DAVID C. NICHOLSON, TRUSTEE OF THE D.J.J. REALTY TRUST**

*/s/ Stephen M.A. Woodworth*
_____
Stephen M.A. Woodworth, Esquire
BBO 534330
John F. Gleavy, Esquire
BBO 636888
LYNCH & LYNCH
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

**DEFENDANT, DOMINIC M. SAWICKI, TRUSTEE OF THE DOMINIC M. SAWICKI NOMINEE TRUST**


*/s/ Robert A. Curley, Jr.*
_____
Robert A. Curley, Jr., Esquire
BBO 109180
CURLEY & CURLEY P.C.
27 School Street
Boston, MA 02108
(617) 523-2990


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


*/s/ Bruce R. Fox*
_____
Bruce R. Fox

Dated: January 30, 2007


*/s/ Bruce R. Fox*
_____
Bruce R. Fox, Esquire