UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY B. SMITH,<br>    Plaintiff | )<br>)<br>)<br>) |
| vs. | )    CIVIL ACTION NO.: 04 CV 10632 MEL<br>) |
| DAVID C. NICHOLSON, TRUSTEE<br>OF THE D.J.J. REALTY TRUST,<br>DOMINIC M. SAWICKI,<br>TRUSTEE OF THE DOMINIC M.<br>SAWICKI NOMINEE TRUST,<br>AND CAROL ANN WHITNEY<br>AND GLENN WHITNEY,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, DAVID C. NICHOLSON, TRUSTEE OF THE D.J.J. REALTY TRUST, DOMINIC M. SAWICKI, TRUSTEE OF THE DOMINIC M. SAWICKI NOMINEE TRUST, CAROL ANN WHITNEY AND GLENN WHITNEY'S
<u>JOINT MOTION FOR SUMMARY JUDGMENT</u>**

<u>**EXHIBIT 4**</u>

4

20. **If you claim that as a result of the alleged incident you sustained injuries which prevent you from following your usual occupation, kindly state:**

I am a retired registered nurse, had been retired prior to this fall, and a widow.

21. **Please state every person you expect to call as a witness at trial and state as to each such person their name, residence, business address and telephone number.**

It has not been decided which witnesses will be called at trial. They will be from the list of witnesses produced as part of my Automatic Disclosure to the Court of June 29, 2004.

22. **Please state every person you expect to call as an expert witness at trial:**

None has been identified, at this time.

23. **Please describe completely how the fall occurring in 2003 as identified in paragraph 6 of the Plaintiff's Complaint, occurred.**

See answer to Interrogatory 2, and attached letter

24. **Please identify any insurance company or agent notified as a result of fall occurring in 2003 as identified in paragraph 6 of the Plaintiff's Complaint.**

None.

25. **If, as the result of injuries sustained as a result of fall occurring in 2003 as identified in paragraph 6 of the Plaintiff's Complaint, you were taken to, treated at or confined in a hospital, please state:**

   a. **The name and address of any such hospital;**

   Waterbury Hospital, 64 Robbins Street, Waterbury, CT
   Waterbury Extended Care Facility, 35 Bunker Hill Road, Watertown, CT

   b. **The dates you were taken there, treated there or confined there stating whether you were treated as an outpatient or admitted:**

   Waterbury Hospital, admitted, May 9-12, 2003
   Waterbury Extended Care Facility, admitted, May 12-June 4, 2003.

   c. The names of any and all doctors who saw you during the time you were at such hospital:

Waterbury Hospital:
Dr. John Keggi
Dr. O. Joseph Bizzozero, Jr.

Waterbury Extended Care Facility:
Dr. O. Joseph Bizzozero, Jr.

   d. No question.

   e. The treatment you received during the time you were at any such hospital:

I received treatment, x-rays, medication and rehabilitation while at Waterbury Hospital and the Waterbury Extended Care Facility.

26. If, as the result of injuries you sustained as a result of fall occurring in 2003 as identified in paragraph 6 of the Plaintiff's Complaint, you were seen by any doctor outside of a hospital, please state:

   a. The name and address of any such doctor:

Dr. O. Joseph Bizzozero, 140 Grandview Avenue, Waterbury, CT 06708

   b. The dates you were seen by and/or treated by any such doctor:

Various dates in 2003 and 2004 after being discharged from the Waterbury Extended Care Facility.

   c. The treatment you received from any such doctor on each such occasion:

X-rays and general check-up on the healing of my thoracic vertebrae.

## DEFENDANT DAVID C. NICHOLSON'S FIRST REQUEST FOR
## THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

1. **Any and all hospital, doctors', nurses', physical therapists', dentists' or other medical personnel's bills which resulted from the incident alleged in the plaintiff's complaint.**

   See copies of above material previously produced for Defendant's Insurer, Provident Mutual Insurance Company on February 28, 2004.

2. **Any and all hospital records relevant to injuries sustained in your alleged incident.**

   See answer to Request No. 1.

3. **Any and all doctors', nurses', physical therapists', dentists' or other medical personnel's reports, evaluations or other records concerning you relevant to injuries sustained in your alleged incident.**

   See answer to Request No. 1.

4. **All W-2 forms or other statements of earnings for the years 1996 through the present.**

   I object to the production of this material as beyond the scope of this lawsuit. I am an 86 year old widow, not employed, with no "earnings". My only income is my Social Security benefits, my husband's pension, and interest. I am not seeking damages for any lost earnings due to my injury.

5. **All copies of income tax returns filed each year from 1996 to the present.**

   See my response to Request No. 4, above.

6. **All photographs or other graphic pictorialization of the so-called "dangerous condition" you allege existed on the premises owned by the defendant.**

   I do not have any pictures taken of the premises at the time of my fall, and Olde Lantern Lane was apparently repaved within weeks of my fall on April 6, 2002

7. **All statements of persons having any knowledge relevant to this action by whatever means preserved or recorded.**

   Beyond my correspondence with the defendant's insurance carrier, already in your possession, I have no other statements, although I understand the defendant's insurance

carrier has taken sworn statements of a number of witnesses.

8. **All copies of reports to insurers of the plaintiff or law enforcement agencies related to the alleged incident.**

   None, to my knowledge.

9. **All copies of reports, diagrams, or photographs prepared by any law enforcement or public safety agency relative to the alleged incident.**

   None to my knowledge, other than the Harwich Fire Department, Standard Ambulance Report Form, attached.

10. **Any and all documents or tangible items which the plaintiff intends to introduce as an exhibit or use in any way at the time of trial.**

    None at this time. I will supplement my response later, if necessary.

11. **Any and all documents including but not limited to reports, statements, reports to insurers, reports to law enforcement agencies, diagrams, or photographs relative to the fall occurring in 2003 as identified in paragraph 6 of the Plaintiff's Complaint.**

    None.

12. **A signed authorization for the release of medical records. (Authorization attached)**

    No authorization was attached to your Request.

The above responses to Defendant Nicholson's Interrogatories and Request for Production of Documents are true and accurate to the best of my knowledge and belief.

Date: 12/1/2004

Mary B. Smith
Plaintiff

Stamford, Fairfield County

Subscribed and sworn to before me this 1st day of December, 2004

Alfred J. Smith, Jr., Esq.
Commissioner of the Superior Court