complains that the prosecutor referred to evidence outside the record in her closing argument, the alleged misstatements were, in fact, a permissible argument based on evidence properly before the jury.[6] The evidence presented at trial was |579sufficient to convict the defendant of murder in the first degree based on either theory of which he was convicted.[7]

4. *Review under G.L. c. 278, § 33E.* The defendant shot the victim three times in a planned but botched robbery, and then left the victim to die. After a comprehensive review of the record, we find no reason to reduce the verdict or to order a new trial.

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*



58 Mass.App.Ct. 334

|334**Wayne THORELL**

v.

**ADAP, INC., & others.**[1]

No. 01–P–1187.

Appeals Court of Massachusetts, Bristol.

Argued Feb. 12, 2003.

Decided June 13, 2003.

Delivery man brought premises liability action against store, landlord, and trash compactor lessor after he allegedly slipped on fluid leaking onto store's loading dock from trash compactor. The Superior Court, Bristol County, Ernest B. Murphy, J., granted summary judgment to store, landlord, and lessor. Delivery man appealed. The Appeals Court, Cohen, J., held that: (1) there was no evidence that fluid discovered on delivery man's later visits to dock was substance which caused him to slip, and thus he could not prevail on action against landlord and trash compactor company, but (2) genuine issue of material fact as to whether alleged hearsay statements by store's former employees about leaking fluid were admissible as vicarious admissions by store precluded summary judgment for store.

Affirmed in part, reversed in part, and remanded.

**1. Negligence** ⟜1104(6)

Any foreign substance, if unexpectedly encountered by a customer or other invitee on a floor, step, or walkway, can constitute a risk for purposes of imposing premises liability.

**2. Negligence** ⟜1095

For a slip-and-fall action premises liability action, the plaintiff must identify the hazardous condition that caused him to slip, prove that it was present prior to his injury, and demonstrate that the defendant either caused the substance to be

---

**6.** We have reviewed the remaining arguments (which relate to alleged ineffective assistance of counsel) in the defendant's pro se brief. To the extent we have not addressed these expressly, they are without merit. The judge who denied the motion for a new trial did not resurrect any issues. See *Commonwealth v. Boateng,* 438 Mass. 498, 505, 781 N.E.2d 1207 (2003).

**7.** The defendant moved for a required finding of not guilty at the close of the Commonwealth's case. The defense presented no witnesses.

**1.** S.B. Realty Limited Partnership and Frade's Disposal, Inc.

there, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it.

### 3. Negligence ⚖️253, 1118

There was no evidence that oily substance detected by delivery man on later visits to store loading dock was condition that earlier had caused him to slip and fall, and thus delivery man could not prevail in action against store's landlord and trash compactor company whose compactor allegedly leaked oily substance; delivery man did not contemporaneously identify what caused him to slip, and had did not closely examine the dock until several weeks had passed.

### 4. Evidence ⚖️241(1)

A vicarious admission describes an exception to the hearsay rule; namely, a witness may testify to the out-of-court statement of an agent of a party.

### 5. Evidence ⚖️241(1), 261

To determine whether a hearsay statement qualifies as a vicarious admission by an agent of a party, the judge first must decide as a preliminary question of fact whether the declarant was authorized to act on the matters about which he spoke; if the judge finds that the declarant was so authorized, the judge must then decide whether the probative value of the statement was substantially outweighed by its potential for unfair prejudice.

### 6. Evidence ⚖️146, 241(1)

In considering whether the probative value of a hearsay statement by an authorized agent of a party is substantially outweighed by its potential for unfair prejudice, the judge should consider the credibility of the witness, the proponent's need for the evidence, and the reliability of the evidence offered, including consideration of whether the statement was made on firsthand knowledge and of any other circumstances bearing on the credibility of the declarant.

### 7. Appeal and Error ⚖️1177(8)

Question of whether trial judge confronted evidentiary issue of admissibility of alleged hearsay statements by store's former employees about leaking fluid as vicarious admissions by store required remand in delivery man's slip-and-fall premises liability action, as no finding was made on that issue.

---

Douglas A. Robertson, Boston, for Frade's Disposal, Inc.

Michael R. Byrne, Boston, for ADAP, Inc.

David O. deAbreu, Taunton, for S.B. Realty Limited Partnership.

Richard Babitsky, for the plaintiff, submitted a brief.

Present: PORADA, KASS, & COHEN, JJ.

COHEN, J.

In this negligence action, the plaintiff seeks to recover for injuries sustained when he slipped and fell while making a commercial delivery to the defendant, ADAP, Inc. (ADAP). The site of the fall was a loading dock area on property owned by defendant S.B. Realty Limited Partnership (S.B. Realty) and leased to ADAP. The plaintiff contends that he [335]slipped on hydraulic fluid leaking from a trash compactor that was leased by ADAP from defendant Frade's Disposal, Inc. (Frade's), a commercial refuse company that retained responsibility for periodically emptying, servicing and maintaining the compactor and associated equipment.

A judge of the Superior Court granted summary judgment to all three defendants on the ground that there was no proof from which it reasonably could be inferred that the plaintiff was injured by a dangerous or unsafe condition that was, or should have been, known to the defendants. We agree with the motion judge that the plaintiff's evidence was insufficient to establish the liability of S.B. Realty and Frade's. However, because the plaintiff produced evidence, possibly admissible against ADAP as a vicarious admission on the issue of liability, the summary judgment for ADAP must be reversed and the case remanded for further proceedings.

*Background.* We recite the pertinent facts in the summary judgment record, viewed in the light most favorable to the plaintiff. See *Alioto v. Marnell,* 402 Mass. 36, 37, 520 N.E.2d 1284 (1988). At approximately 1:00 A.M. on December 31, 1997, the plaintiff, a truck driver, made a delivery to ADAP's New Bedford store. In the presence of two ADAP employees, later identified as Jerry Magnifico and Josh McGowan, the plaintiff got out of the cab, retrieved a tool and walked beside his truck along the top of an elevated area (berm), intending to lower the vehicle's tailgate. As he proceeded down the sloped surface of the berm, the plaintiff felt his foot slip out from under him. He fell off the berm and struck his head with the tool he had been carrying.

According to the plaintiff, Magnifico and McGowan came to his assistance and asked if he wanted an ambulance. He declined, but went inside the ADAP office for a few minutes. Then, when the three men went back outside, the two ADAP employees pointed to a sheen on the pavement of the berm where the plaintiff had been walking when he slipped. One of them (the plaintiff did not recall which one) volunteered that the sheen was due to fluid leaking from a nearby trash compactor on the top of the berm and that the leaking had gone on for several years. The other agreed. After the shiny area was pointed out to him, the plaintiff observed from a distance that oil was ⌊336coming down the side of the berm and forming a puddle, but he did not further inspect the area at that time.

The plaintiff's account of this interchange was not confirmed, apparently because Magnifico and McGowan are no longer in ADAP's employ and have not been located.[2] The only other details in the summary judgment record about the two ADAP employees are the plaintiff's observation that Magnifico was in charge of the store that night, and ADAP's acknowledgment that Magnifico was the parts manager and that both men's job descriptions would have obliged them to report the incident, which apparently they did not do.

A few weeks later, but less than a month after the accident, the plaintiff returned to the site and observed an oily substance on the berm. While he was there, the plaintiff took some pictures that showed staining on the pavement. A week later, the plaintiff came to the scene yet again, this time with his son, a professional mechanic who has training and experience in the use and maintenance of hydraulic equipment. On that day, the pair made a closer examination, finding oil on the pavement and on the underside of the nearby trash compactor. The son, who professed familiarity with such things from his work and training, identified the substance in both areas

---

**2.** The plaintiff has so represented in his brief, but it is not confirmed by any evidence in the record.

**THORELL v. ADAP, INC.**                                    Mass.  **1089**
Cite as 789 N.E.2d 1086 (Mass.App.Ct. 2003)

as hydraulic fluid leaking from the compactor. More pictures were taken that showed staining on both the flat and sloped portions of the berm near the compactor and the dumpster to which it was attached. According to the plaintiff's son, the fluid was "really saturated" into the pavement. It was therefore his "personal opinion" that the compactor must have been dripping for at least three to four months. Stephen Coles, an acquaintance of the plaintiff and a former ADAP driver who made deliveries to the store, also testified at deposition that during visits to the premises prior to the plaintiff's accident, he had observed stains on the embankment and oily fluid running down from under the trash compactor.

While the defendants disputed the plaintiff's theory of the accident,[3]$_{337}$ it was not contested that hydraulic fluid could leak from such equipment. Richard Frade, a principal of Frade's, acknowledged at deposition that hydraulic systems, like those in his firm's compactors, can leak hydraulic fluid on occasion, although he had no recollection of this occurring with the type of compactor involved here.

**[1, 2]** *Discussion.* "Any foreign substance, if unexpectedly encountered by a customer or other invitee on a floor, step, or walkway, can constitute a risk for purposes of imposing [premises] liability." *Thurlow v. Shaw's Supermkts., Inc.,* 49 Mass.App.Ct. 175, 176, 727 N.E.2d 532 (2000). The plaintiff must identify the hazardous condition that caused him to slip, prove that it was present prior to his injury, and demonstrate that the defendant either caused the substance to be there, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it. See *Deagle v. Great Atl. & Pac. Tea Co.,* 343 Mass. 263, 264–265, 178 N.E.2d 286 (1961); *Oliveri v. Massachusetts Bay Transp. Authy.,* 363 Mass. 165, 167, 292 N.E.2d 863 (1973); *Welch v. Angelo's Supermkt., Inc.,* 27 Mass.App.Ct. 1106, 1106, 534 N.E.2d 821 (1989).[4]

**[3]** Here, the difficulty with the plaintiff's case is that, aside from the plaintiff's recounting of his exchange with the ADAP employees, there is insufficient proof from which a trier of fact could infer that the clear, oily substance detected by the plaintiff on his later visits was, in fact, the condition that caused him to slip and fall. The plaintiff, himself, did not contemporaneously identify what caused him to slip, and it was not for several weeks that he (and later his son) closely examined the site. Even if a fact finder reasonably could conclude from the evidence of stains on the pavement and the testimony of Stephen Coles that the trash compactor had been leaking for some considerable period of time, it remained a matter of speculation $|_{338}$that this oily condition was responsible for the plaintiff's fall.

It is here where the assertions of the ADAP employees make a considerable difference. When Magnifico and McGowan pointed to the oily area on the berm, that conduct was an implicit statement by eye-

---

3. The Frade's employee who collected ADAP's trash and serviced the equipment testified at deposition that when he visited the site on three different occasions at or around the time of the plaintiff's accident, the area surrounding the dumpster and compactor was not slippery or covered with oil or liquid. The defendants also pointed to other potential causes of the plaintiff's fall.

4. While these principles are applied most often in cases against premises owners and lessors, they pertain equally to the plaintiff's case against Frade's, which is predicated upon negligent inspection and maintenance of the compactor and not upon any theory of product liability.

**1090** Mass.    **789 NORTH EASTERN REPORTER, 2d SERIES**

witnesses to the accident that the plaintiff had slipped due to that condition. See *Commonwealth v. Marrero*, 436 Mass. 488, 496, 766 N.E.2d 461 (2002) (gesture may be communicative in nature and constitute an admission by deliberate nonverbal expression). They then identified the source of the oil as a long-standing leak from the trash compactor. All told, this evidence established the essential elements of the plaintiff's case.

The hurdle faced by the plaintiff is that the assertions of the ADAP employees are hearsay, which the defendants sought to strike from the summary judgment record.[5] See *Madsen v. Erwin*, 395 Mass. 715, 721, 481 N.E.2d 1160 (1985) (absent motion to strike, judge has discretion to rely upon improper portions of opponent's affidavit). Thus, unless a hearsay exception applies, the plaintiff cannot use this evidence to avoid summary judgment. See *ibid.* (hearsay in affidavit); *Flesner v. Technical Communications Corp.*, 410 Mass. 805, 817, 575 N.E.2d 1107 (1991) (hearsay testimony in plaintiff's deposition). See also Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974) (affidavits used to support or oppose a summary judgment motion "shall set forth such facts as would be admissible in evidence").

[4] The plaintiff points to no rationale that would allow the ADAP employees' communications to be used against Frade's [339]and S.B. Realty.[6] However, he correctly observes that the communications are potentially admissible against ADAP if they qualify as vicarious admissions. "[A] vicarious admission describes an exception to the hearsay rule; namely, a witness may testify to the out-of-court statement of an agent of a party." *Turners Falls Ltd. Partnership v. Board of Assessors of Montague*, 54 Mass.App.Ct. 732, 736, 767 N.E.2d 629 (2002). See *Ruszcyk v. Secretary of Pub. Safety*, 401 Mass. 418, 420, 423, 517 N.E.2d 152 (1988) (adopting Proposed Mass.R.Evid. 801[d][2][D], which provides that "[a] statement is not hearsay if . . . the statement is offered against a party and is . . . a statement by his agent or servant concerning a matter within the

---

5. Frade's took the laboring oar in this respect, having been the first of the three defendants to file a motion for summary judgment. After receiving the plaintiff's opposition, Frade's moved to strike several portions of the plaintiff's affidavits, including his recitation of the ADAP employees' statements. The other defendants, who filed their own motions for summary judgment, did not file individual motions to strike; however, ADAP objected to the admissibility of the statements in its memorandum of law, and the judge concluded from the parties' reliance on each other's submissions that the matter before him should be treated as a single "consolidated Motion for Summary Judgment." In these circumstances, we think it fair to assume that the admissibility of the ADAP employees' statements was adequately challenged by all of the defendants.

6. The plaintiff argues in passing in his brief that the statements of the ADAP employees are admissible against all parties as declarations against pecuniary or proprietary interest. However, even if we were to assume that all other requirements of that hearsay exception could be met, the plaintiff has failed to make any showing in the summary judgment record of the declarants' unavailability, a prerequisite of the exception. See *Commonwealth v. Carr*, 373 Mass. 617, 620–623 & n.9, 369 N.E.2d 970 (1977); *Commonwealth v. Charles*, 428 Mass. 672, 677–678 & n. 1, 704 N.E.2d 1137 (1999); Fed.R.Evid. 804(b)(3); Proposed Mass.R.Evid. 804(b)(3). To prove unavailability, the proponent of a statement must show that he "has been unable to procure the declarant's attendance . . . by process or other reasonable means." *Commonwealth v. Charles*, supra at 678, 704 N.E.2d 1137, quoting from Fed.R.Evid. 804(a)(5). The plaintiff here has placed no evidence in the record regarding what efforts have been expended to locate and secure the testimony of the two ADAP employees, and thus has not raised a factual question as to their unavailability.

scope of his agency or employment, made during the existence of the relationship"). See also Liacos, Brodin & Avery, Massachusetts Evidence § 8.8.6 (7th ed.1999).

**[5, 6]** To determine whether a statement qualifies as a vicarious admission, the judge first must decide as a preliminary question of fact whether the declarant was authorized to act on the matters about which he spoke. See *Herson v. New Boston Garden Corp.*, 40 Mass.App.Ct. 779, 791, 667 N.E.2d 907 (1996).[7] If the judge finds that the declarant was so authorized, the judge must then decide whether the probative value of the statement was substantially outweighed by its potential for unfair prejudice. *Ibid.* In so doing, the judge should consider "the credibility of the witness; |₃₄₀the proponent's need for the evidence, e.g., whether the declarant is available to testify; and the reliability of the evidence offered, including consideration of whether the statement was made on firsthand knowledge and of any other circumstances bearing on the credibility of the declarant." *Ruszcyk v. Secretary of Pub. Safety, supra* at 422–423, 517 N.E.2d 152.

**[7]** In the present case, although the admissibility of the ADAP employees' statements was squarely contested, the motion judge did not decide the motion to strike or address the issue in his decision. There was evidence in the summary judgment record that created a factual question as to whether Magnifico and McGowan were authorized to act on matters relating to the condition of the premises—evidence that Magnifico was the parts manager in charge of the store on the night of the accident and that both men had responsibility for reporting injuries to ADAP—but no hearing on the admissibility issue was held, and thus no finding was made on the question of the ADAP employees' authority.

Absent a finding that the men were *not* so authorized, or a determination under the second prong of the *Ruszcyk* test that the probative value of the evidence was substantially outweighed by its potential for unfair prejudice, ADAP's motion for summary judgment should not have been allowed. See *Gage v. Westfield*, 26 Mass.App.Ct. 681, 694, 532 N.E.2d 62 (1988) (where plaintiffs produced potentially admissible evidence in opposition to a defendant's motion for summary judgment, such evidence sufficed to overcome the defendant's motion and entitled the plaintiffs to proceed to trial, or, at least, to a preliminary hearing to determine the facts relevant to the evidentiary issue).

Even though findings of fact normally are unnecessary to a decision on a motion for summary judgment, where the proper disposition of the motion depends upon the admissibility of evidence, and admissibility depends, in turn, upon the resolution of questions of fact, the judge's decision should reflect that he or she has confronted and resolved these questions. If, upon reviewing the summary judgment decision, we cannot fairly assume that this was done, we must vacate the order granting summary judgment and remand the case for further proceedings. See *Nally v. Volkswagen of Am., Inc.*, 405 Mass. 191, 198–199, 539 N.E.2d 1017 (1989).

|₃₄₁Here, where there is no indication that the judge confronted the evidentiary issue, we must vacate the summary judgment granted to ADAP, leaving it to the

---

**7.** As to the judge's role in deciding preliminary questions of fact in ruling on evidence, see generally Liacos, Brodin & Avery, Massachusetts Evidence § 3.9.1 (7th ed.1999); *Fau-ci v. Mulready,* 337 Mass. 532, 540, 150 N.E.2d 286 (1958); Proposed Mass.R.Evid. 104.

**1092** Mass. **789 NORTH EASTERN REPORTER, 2d SERIES**

discretion of the Superior Court whether to defer the vicarious admission question until trial or to decide it before trial at a hearing where the facts relevant to the evidentiary issue may be determined. See *Gage v. Westfield, supra.* If appropriate, ADAP may then renew its request for judgment as matter of law.

*Disposition.* So much of the judgment as dismisses the plaintiff's claims against S.B. Realty Limited Partnership and Frade's Disposal, Inc., is affirmed. So much of the judgment as dismisses the plaintiff's claim against ADAP, Inc., is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

