## E N D O R S E M E N T

MARY B. SMITH v. DAVID C. NICHOLSON, TRUSTEE OF THE D.J.J. REALTY TRUST, DOMINIC M. SAWICKI, TRUSTEE OF THE DOMINIC M. SAWICKI TRUST, CAROL ANN WHITNEY, AND GLENN WHITNEY
04-CV-10632-MEL

LASKER, D.J.

Mary B. Smith ("Smith") sues as a result of negligence by the defendants. On April 6, 2002, Smith entered Old Lantern Lane, a private road owned and maintained by the defendants in Harwich, Massachusetts. Smith, who was 83 years old, claims that she fell on loose rocks and impediments arising from the negligence of the defendants in maintaining the surface of Old Lantern Lane, and that as a result, she fractured and displaced her left femur.

All of the defendants move for summary judgment on the basis that they are not liable for the plaintiff's slip and fall on their property. First, there is a question of fact regarding whether the rock that the plaintiff slipped on is a property defect. The defendants claim that they are not liable to the plaintiff because the rock is not a property defect. This claim is based on the argument that a naturally occurring substance is not recognized as an actionable property defect in Massachusetts. The defendants compare the rock on the road to the accumulation or presence of other naturally occurring substances, such as snow and ice. See Sullivan v. Town of Brookline, 416 Mass. 825 (1994) (holding that the natural accumulation of snow and ice is not an actionable property defect, if it regards such weather conditions as a defect at all). However, the plaintiff contends that the defendants are liable because the rock that she slipped on was a foreign substance that constituted a property defect. A party who falls on a defendant's premises may bring a claim for damages against the property owner where the condition or substance that caused the fall was foreign to the area. See Oliveri v. MBTA, 363 Mass. 165, 166 (1973). The case rests on a determination of whether the rock which caused the plaintiff's fall was a naturally occurring or foreign substance and that remains an issue of material fact.

Second, if the rock is determined to be a foreign substance, there is support for the plaintiff's position that at least one of the three theories recognized in Massachusetts for holding a property owner liable for a slip and fall on a foreign substance applies in this case. "The plaintiff must identify the hazardous condition that caused him to slip, prove that it was present prior to his injury, and demonstrate that the defendant

either caused the substance to be there, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it." Thorell v. ADAP, Inc., 58 Mass. App. Ct. 334, 337 (2003), citing Deagle v. Great Atl. & Pac. Tea Co., 343 Mass. 263, 264-265. The plaintiff contends that the defendant David C. Nicholson ("Nicholson") caused the foreign substance to be on the road because he testified that he placed rocks and stones in potholes or washouts periodically during his time living at his residence. Additionally, there is evidence that Nicholson had knowledge of the presence of these rocks and stones on the road. Finally, Nicholson traveled Old Lantern Lane daily, because it is the only access to his residence, and, therefore, had reasonable opportunity to discover and remedy the condition.

Third, there is a disagreement between the parties as to the nature of the duty the defendants owed the plaintiff while she was on their property. The defendants argue that a "landowner's duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence." O'Sullivan v. Shaw, 431 Mass. 202, 204 (2000), citing Lyon v. Morphew, 424 Mass. 828, 833 (1997). However, landowners must provide a place which is "safe to a person who exercises minimum care such as the circumstances reasonably indicate." Id. Although the composition of the later 1/3 of Old Lantern Lane was open and obvious, the plaintiff did exercise minimum care such as the circumstance reasonably indicated. Therefore, there remains an issue of material fact as to the nature of the duty the defendants owed the plaintiff.

Because these questions of fact exist and because it cannot be said that no reasonable juror could decide in favor of the plaintiff, the joint motion for summary judgment is DENIED.

It is so ordered.

Dated:

8/22/07

Boston, Massachusetts

/s/ Morris E. Lasker
U.S.D.J.